Ora TABRON, Appellant

v.

Jeh Charles JOHNSON, Appellee.

No. 14–5060.

United States Court of Appeals,
District of Columbia Circuit.

April 20, 2015.

Eden Brown Gaines, Esquire, Brown Gaines, LLC, White Plains, MD, for Plaintiff–Appellant.

Damon Taaffe, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

· Before: TATEL and SRINIVASAN, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## *JUDGMENT*

This appeal from the United States District Court for the District of Columbia's order granting defendant's motion for summary judgment was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed substantially for the reasons stated by the district court. *See Tabron v. Johnson,* 21 F.Supp.3d 84 (D.D.C.2014). Having reviewed the record, we agree with the district court that "plaintiff has failed to produce any actual evidence that" her non-selection for an open position "was in any way motivated by racial discrimination" and "mere departure from established hiring practices does not equate to evidence of illegal racial discrimination." *Id.* at 88. Furthermore, although Tabron now complains that the district court gave no reason for denying her discovery motion, the appropriate way to raise "the issue of inadequate discovery" is by opposing summary judgment "[u]nder Federal Rule of Civil Procedure 56[ (d) ]." *Access Telecom, Inc. v. MCI Telecommunications Corp.,* 197 F.3d 694, 719 (5th Cir.1999). Having failed to do so, she may not now raise the issue here.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b).